*J. Cleo Thompson* and *W. S. Gamewell,* for petitioner.

No sufficient objection to the charge was presented by defendant. Roberson v. Hughes, 231 S. W., 734; M. K. & T. Ry. Co. v. Maxwell, 143 S. W., 1147; Clonts v. Johnson, 294 S. W., 844; Waggoner v. Sigler Oil Co., 284 S. W., 926; Midland Natl. Bank v. Campbell, 18 S. W. (2d), 732; C. & S. Ry. Co. v. Rowe, 224 S. W., 937; Article 2185, R. C. S., 1925; Isbell v. Lennox, 295 S. W., 920; Chisos Mining Co. v. Llanez, 298 S. W., 641. Defendant in error's bills of exception, nor any other part of the record showed that the arguments by the attorneys for plaintiff in error were not called forth by the evidence nor by the arguments, statements or remarks of the attorneys for defendant in error, but the Bills of Exception merely stated the remarks made by plaintiff in error's attorneys in their arguments. Article 2237, Subdivision 1 of 1925 R. C. S.; Kansas City M. & O. Ry. Co. v. West, 149 S. W., 206–210; Travelers Insurance Co. v. Peters, 3 S. W. (2d), 568; Federal Life Insurance Co. v. Sweeney, 18 S. W. (2d), 702.

PER CURIAM: While we do not think judgment properly reversed on error in charge on measure of damages, because such objection not timely presented, yet the same was properly reversed on argument of counsel as to his knowledge of plaintiff's character.

The application for writ of error is accordingly dismissed for want of jurisdiction.

ADOLPH GOLD ET AL. v. O. F. KEENE.

Application No. 17620. Decided October 29, 1930.
(31 S. W., 2d Series, 1071.)

*Cunningham, Moursund & Johnson,* for petitioner, cited: Colt & Co. v. Head, 292 S. W., 198; Winters v. Coward, 174 S. W., 940; Gustafson v. American Land Co., 234 S. W., 245; Lay v. Midland Farms Co., 8 S. W. (2d), 230; Hallwood Cash Register Co. v. Berry, 80 S. W., 857; Waugh v. Hudson, 159 S. W., 893; Luckenbach v. Thomas, 166 S. W., 99; Dalton Adding Machine Sales Co. v. Wicks, 283 S. W., 642; Black on Rescission and Cancellation, Secs. 590–594 and 596; Wells v. Houston, 67 S. W., 584; Russell v. Industrial Transportation Co., 113 Texas, 440, 258 S. W., 462; American Rio Grande Land & Irrig. Co. v. Bellman, 272 S. W., 550; Kahn v. Kahn, 94 Texas, 114; Johnson v. Johnson, 147 S. W., 1167; Matheson v. C. B. Live Stock Co., 176 S. W., 734; Sullivan v. Schreiner, 222 S. W., 314.

PER CURIAM: We approve the views expressed in Justice Smith's concurring opinion.

The application for writ of error is accordingly refused.

ED KASCH v. H. CONRADS ET AL.

Application No. 17477. Decided October 15, 1930.
(31 S. W., 2d Series, 630.)

*Cunningham, Moursund & Johnson* and *R. E. McKie,* for plaintiff in error.

The court held that the defendant in the court below (plaintiff in error) was guilty of fraud as a matter of law, if he failed to make a detailed disclosure of the amount and conditions of the assets of the corporation, even though it be found as a fact that he